967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert BYRD, Petitioner-Appellant,
v.
Midge CARROLL, Warden, et al., Defendants-Appellees.
 No. 89-56324.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided May 29, 1992.
 
 Before TANG, SCHROEDER, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albert Byrd was convicted in California State court on charges of murder, sodomy, lewd act involving a child under 14, and felony child abuse (in violation of Cal.Penal Code §§ 187, 286(c), 288(b), and 273a(1)). Having exhausted state procedures, Byrd petitioned for a writ of habeas corpus in the district court.
 
 
 3
 Byrd first claims that the district court erred in refusing to hold that Byrd's taped statements were involuntary. The district court properly deferred to the findings of the state appellate court which found that the statements were voluntary. The issue was a factual one concerning resolution of what was at best a conflict in the evidence, and deference is required of the federal courts. Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991), cert. denied, 112 S.Ct. 870 (1992).
 
 
 4
 The district court was also correct in ruling that the evidence presented at Byrd's trial was sufficient to sustain his conviction for sodomy. The medical evidence in conjunction with the testimony as to the circumstances surrounding the victim's death and Byrd's own statements were sufficient to permit the jury to conclude that Byrd had sodomized the victim.
 
 
 5
 Finally, there was no due process violation in the state's failure to preserve the victim's diaper and to look for evidence of semen in the course of the autopsy. There is no evidence in this record of bad faith, and evidence of a lack of semen would have been only marginally relevant to the issue of sodomy in any event since penetration alone is sufficient to constitute the crime of sodomy under Cal.Penal Code §§ 286(a) & 287. The evidence the state failed to preserve would not have been exculpatory or even potentially exculpatory. Under Arizona v. Youngblood, 488 U.S. 51 (1988), there was no constitutional violation.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3